The Honorable Thomas D. Wynne, III Prosecuting Attorney P.O. Box 231 Fordyce, AR 71742
Dear Mr. Wynne:
This is in response to Deputy Prosecuting Attorney Hamilton H. Singleton's request for an opinion concerning the authority or responsibility of circuit clerks in connection with records searches. The following questions have been posed in this regard:
 1. Must a circuit clerk respond to a private or public request for her to search her records?
 2. If the answer to Question 1 is in the affirmative, what authority does a circuit clerk have to provide a non-litigation certificate regarding the search request?
 3. To what extent is a circuit clerk liable in performing such a search and in her/him rendering a certification of the findings?
 4. May a circuit clerk charge a fee for the time devoted by her office in response to a search request, and if so, to what extent?
In response to your first question, a clerk may be required to search the records if the request falls within the Arkansas Freedom of Information Act ("FOIA"). (A.C.A.25-19-101 et seq.). The FOIA requires "[r]easonable access to public records" and `reasonable comforts and facilities" for the full exercise of the right to inspect and copy public records. A.C.A. 25-19-105(d) (Supp 1989). A request for public records under the FOIA may, therefore, require a search for the records sought. This office has stated, however, that while a specific description of the record(s) is not necessary, some reasonable identification of the records sought is an acceptable requirement that may be imposed by the custodian. Att'y Gen. Op. No. 82-112. It has been noted by one authority in this area that this view is consistent with federal cases which hold that ". . . the request must be clear enough to enable an agency employee familiar with the subject matter to locate the records with a reasonable amount of effort." John J. Watkins, The Arkansas Freedom of Information Act 114 (1988) (citations omitted).
While a clerk must make records that are subject to the FOIA available for inspection and copying, there appears to be no general requirement that circuit clerks search records for information.
It should be recognized that the FOIA governs requests for records; it does not speak in terms of requiring a search of records for information. Please note in this regard that I have enclosed a copy of an opinion wherein this office concluded that a circuit clerk is not, as a general matter, required to conduct lien searches. Att'y Gen. Op. No. 89-069.
As to your second question, our research has not yielded specific authority in this regard. There appears, however, to be no prohibition against the clerk providing such a certificate.
With regard to your third question, in the absence of some duty in this regard, it is my opinion that there would in all likelihood be no basis upon which to premise a theory of liability. A conclusive response would, however, require consideration of any applicable statutory authority for the search, with reference to a particular set of facts.
In response to your final question, we find no authority for charging a fee if the clerk decides to conduct a search for information, notwithstanding the absence of any requirement in this regard. Specific authority would, in my opinion, be required for imposing such a charge. It should be recognized, moreover, that compliance with requests for records under the FOIA is a statutory duty of a custodian of public records. This office has therefore previously concluded that a custodian of the records may not charge a requester a fee for the time spent satisfying a FOIA request. Att'y Gen. Op. No. 88-354. We have also stated, however, in connection with copying costs, that the custodian may charge a reasonable fee (not to exceed actual cost) for photocopies and other forms of record reproduction. Att'y Gen. Op. No. 88-354.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
RON FIELDS Attorney General
RF:tlm
cc: Mr. Hamilton H. Singleton Deputy Prosecuting Attorney
[1] A conclusive determination in this regard would, however, require consideration of the particular information sought, in order to rule on the existence of a specific statutory mandate.